UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

JOSHLYN M. WASHINGTON, Individually and as Parent
and Natural Guardian of J. M. B., an infant,

Plaintiff,

- vs -

CSX TRANSPORTATION, INC.,

Defendant.

**ANSWER TO
COMPLAINT**

Civil Action No.
1:18-cv-00218 (LJV)

Defendant, CSX Transportation ("CSXT" or "Defendant"), by and through its attorneys,

Nixon Peabody LLP, hereby answers the plaintiff's Complaint as follows:

1.      Defendant denies knowledge or information sufficient to form a belief as to the

truth of the allegations contained in paragraph 1 of the Complaint.

2.      Defendant denies knowledge or information sufficient to form a belief as to the

truth of the allegations contained in paragraph 2 of the Complaint.

3.      Defendant denies knowledge or information sufficient to form a belief as to the

truth of the allegations contained in paragraph 3 of the Complaint.

4.      Defendant admits the allegations contained in paragraph 4 of the Complaint.

5.      Defendant admits the allegations contained in paragraph 5 of the Complaint.

### AS TO PLAINTIFF'S FIRST CAUSE OF ACTION

6.      Defendant repeats, restates and incorporates herein by reference paragraphs 1

through 5 of this Answer as and for its response to paragraph 6 of the Complaint.

7.      Defendant denies knowledge or information sufficient to form a belief as to the

truth of the allegations contained in paragraph 7 of the Complaint.

8.      Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the Complaint.

9.      Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Complaint.

10.      Defendant denies the allegations contained in paragraph 10 of the Complaint.

11.      Defendant denies the allegations contained in paragraph 11 of the Complaint.

12.      Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the Complaint.

13.      Defendant denies the allegations contained in paragraph 13 of the Complaint.

14.      Defendant denies the allegations contained in paragraph 14 of the Complaint

15.      Paragraph 15 contains a demand for a jury for which no response is necessary.

## AS TO PLAINTIFF'S SECOND CAUSE OF ACTION

16.      Defendant repeats, restates and incorporates herein by reference paragraphs 6 through 15 of this Answer as and for its response to paragraph 16 of the Complaint.

17.      Defendant admits that plaintiff Joshlyn M. Washington's claim, if any, would be derivative in nature, but denies that she is entitled to damages for medical expenses, wage loss and loss of services.

18.      Defendant denies the allegations contained in paragraph 18 of the Complaint.

19.      Defendant denies the allegations contained in paragraph 19 of the Complaint.

20.      Paragraph 20 contains a demand for a jury for which no response is necessary.

21.      Defendant denies the allegations contained in the WHEREFORE clause, denies all other allegations not otherwise expressly admitted above, and denies that plaintiff is entitled to the relief requested.

4819-2136-4316.1

## DEFENSES

### FIRST DEFENSE

22.    Plaintiff's Complaint fails, in one or more respects, to state a valid claim and/or causes of action upon which relief may be grated.

### SECOND DEFENSE

23.    Plaintiff's claims are barred to the extent preempted, precluded and/or superseded, in whole or in part, by federal law, including, but not limited to, the Federal Railway Safety Act, the Interstate Commerce Commission Termination Act, 49 U.S.C 20801, and applicable regulations.

### THIRD DEFENSE

24.    The infant J. M. B. was in violation of one or more New York statutes, rules, regulations or local ordinances that prohibit, preclude or otherwise limit plaintiff's claim.

### FOURTH DEFENSE

25.    Any averred dangerous conditions or hazardous situation were "open and obvious" to a reasonable person in J. M. B.'s position exercising ordinary perception, intelligence, and judgment.

### FIFTH DEFENSE

26.    While denying that plaintiff sustained the injuries and/or damages as averred, if it would ultimately be proven that plaintiff did sustain the damages and/or injuries in the fashion averred, Defendant believes and therefore avers that J. M. B. was negligent and that his own negligence was the sole superseding and independent proximate cause of the injuries averred in plaintiff's Complaint.

4819-2136-4316.1

**SIXTH DEFENSE**

27.     While denying that plaintiff sustained the injuries and/or damages as averred, if it would ultimately be proven that plaintiff did sustain the damages and/or injuries in the fashion averred, Defendant believes and therefore avers that in the event J. M. B.'s own negligence is not deemed the sole superseding and independent proximate cause of plaintiff's averred damages and/or injuries, then J. M. B.'s own contributory negligence did contribute, in a substantial way, to the happening and/or occurrence of the averred injuries.  Accordingly, Defendant pleads J. M. B.'s contributory negligence as a complete and/or partial bar to the entirety of plaintiff's claims.

**SEVENTH DEFENSE**

28.     Upon information and belief, plaintiff's averred injuries and damages were caused, in whole or in part, by pre-existing conditions, or other contributory or concurrent conditions or factors, including events occurring prior or subsequent to the occurrence or incidents made the basis of plaintiff's claim against Defendant.

**EIGHTH DEFENSE**

29.     Plaintiff's damages, if any, should be barred or reduced as caused by plaintiff and infant J. M. B.'s failure to take reasonable actions to avoid and/or mitigate their damages.

**NINTH DEFENSE**

30.     The incidents or matters underlying plaintiff's causes of action were not foreseeable.

**TENTH DEFENSE**

31.     Upon information and belief, plaintiff has, or will, receive reimbursement for past and/or future medical or dental care, loss of earnings and/or other economic loss, in whole or in part, from a collateral source or collateral sources, and, therefore, Defendant is entitled to a

reduction of part or all of such costs, expenses and/or losses pursuant to CPLR § 4545 on any verdict or judgment obtained by plaintiff against Defendant.

## ELEVENTH DEFENSE

32.     Upon information and belief, the injuries or damages that are the subject of plaintiff's Complaint, if any, were caused, in whole or in part, by intervening and/or superseding causes, and/or the acts or omissions of others for whom Defendant is not responsible.

## TWELFTH DEFENSE

33.     J. M. B.'s injuries, if any, were caused, in whole or in part, by his own culpable conduct, including assumption of risk.

## THIRTEENTH DEFENSE

34.     Plaintiff's injuries, if any, were caused, in whole or in part, by the culpable conduct of other persons or entities who are not parties to this action.

## FOURTEENTH DEFENSE

35.     The acts or averred omissions of Defendant, if any, were not the proximate cause of plaintiff's injuries.

## FIFTEENTH DEFENSE

36.     To the extent plaintiff has settled any similar claim with another not named as a party in this lawsuit, Defendant is entitled to a reduction in the amount of recoverable damages in accordance with Article 15-108 of the New York General Obligations Law.

## SIXTEENTH DEFENSE

37.     Plaintiff's claims are barred, in whole in part, by the provisions of Article 14-A of the New York Civil Practice Law and Rules.

4819-2136-4316.1

## SEVENTEENTH DEFENSE

38.     Upon information and belief, the averred liability of Defendant, if any, is limited by the provisions of CPLR Article 16.

## EIGHTEENTH DEFENSE

39.     Defendant intends to rely upon such other defenses as may become available or apparent during the course of discovery and thus reserves the right to amend this Answer to assert such defenses.

**WHEREFORE**, Defendant demands judgment dismissing plaintiff's Complaint in its entirety, granting costs and disbursements, and for such other and further relief as this Court may deem just and appropriate.

DATED:      Buffalo, New York
            February 15, 2018

                              NIXON PEABODY LLP


                              By:____/s/ Susan C. Roney_____
                                  Susan C. Roney, Esq.
                              *Attorneys for Defendant CSX Transportation, Inc.*
                              40 Fountain Plaza, Suite 500
                              Buffalo, New York 14202
                              Tel: (716) 853-8100
                              E-mail: sroney@nixonpeabody.com


TO:     Patrick J. Donoghue, Esq.
        GODWIN HURLEY & DONOGHUE, LLP
        *Attorneys for Plaintiff*
        1234 Delaware Avenue
        Buffalo, New York      14209
        Tel: (716) 844-8350
        E-mail:  pdonoghue@godwinhurleylaw.com

4819-2136-4316.1